1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

7
8
9
10
11
12
13
14

| | |
|---|---|
| JELLYBEAN ENTERTAINMENT, INC., dba MAGICTV BOX,<br><br>Plaintiff,<br><br>vs.<br><br>USNILE LLC, et al.,<br><br>Defendants. | Case No.  13-CV-144-IEG (WMC)<br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>[Doc. No. 4] |

15       Before the Court is Plaintiff's motion for a preliminary injunction. [Doc. No.
16  4.]  For the following reasons, Plaintiff's motion is **GRANTED**.

17                                **BACKGROUND**

18       Plaintiff alleges copyright infringement and related claims arising from
19  Defendants' purported broadcasting and distribution of Arabic language television
20  channels for which Plaintiff owns exclusive broadcast and distribution rights.  [Doc.
21  No. 1.]  On March 22, 2013, Plaintiff moved for a preliminary injunction.  [Doc. No.
22  4.]  Defendants failed to oppose Plaintiff's motion for preliminary injunction.  On
23  April 8, 2013, as Defendants had failed to answer or otherwise respond to the
24  complaint, the Court entered default.  [Doc. No. 12.]

25                                **DISCUSSION**

26       "A plaintiff seeking a preliminary injunction must establish that he is likely to
27  succeed on the merits, that he is likely to suffer irreparable harm in the absence of
28  preliminary relief, that the balance of equities tips in his favor, and that an injunction

is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see also U.S. v. Price*, 8 Fed. Appx. 849, 851 (9th Cir. 2001) ("The effect of the entry of default is the admission of the truth of the well pleaded allegations of the complaint.") (citing *Geddes*, 559 F.2d at 560).

In light of Defendants' default and consequent admissions, Plaintiff's allegations warrant the requested preliminary injunction. Plaintiff's allege Defendants illegally pirate, broadcast, and distribute for a monthly fee twenty-three Arabic language channels for which Plaintiff owns the exclusive United States broadcast and distribution rights. [*See* Doc. No. 1 at 3-12.] Further, Plaintiff alleges that Defendants have contacted and threatened to sue Plaintiff's existing and prospective customers, misrepresenting that Plaintiff is stealing channels, being investigated and sued, and will shortly be shut down, all of which causing irreparable harm to Plaintiff's business, reputation, and goodwill. [*Id.*] These allegations, given Defendants admission thereof, suffice to establish likely success on the merits and irreparable harm. *See, e.g.*, *Fox Television Stations, Inc. v. BarryDriller Content Systems, PLC*, __ F. Supp. 2d __, 2012 WL 6784498, at *6 (C.D. Cal. Dec. 27, 2012) (finding illegal television broadcasts constitute likely copyright infringement and irreparable harm; granting preliminary injunction); *see also Celsis In Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012) ("loss of goodwill, damages to reputation, and loss of business opportunities" can establish irreparable harm).

The balance of equities and public interest also weigh in favor of an injunction. "Defendants have no equitable interest in continuing an infringing activity," and "[i]t is virtually axiomatic that the public interest can only be served by upholding copyright protections and correspondingly, preventing the misappropriation of skills, creative energies, and resources which are invested in the

protected work." *Fox Television Stations*, __F. Supp. 2d __, 2012 WL 6784498, at *6,7. Thus, the Court hereby **GRANTS** Plaintiff's motion for preliminary injunction.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for preliminary injunction **GRANTED** as follows:

I.      Defendants are hereby **ENJOINED** from:

- representing to Plaintiff's existing and prospective customers, licensees, internet service providers, resellers and vendors that Defendant holds the broadcast rights to the channels listed below, that Plaintiff is pirating or otherwise illegally broadcasting those channels, or that Plaintiff is in the process of being investigated or shut down for illegally broadcasting those channels;

- threatening to sue Plaintiff's existing and prospective customers, licensees, internet service providers, resellers and vendors, or otherwise unfairly interfering with Plaintiff's relationships with its existing and prospective customers, licensees, internet service providers, resellers and vendors; and

- broadcasting anywhere in the United States of America the channels listed below:

    1. Time Cinema
    2. Time Cinema 2
    3. Time Comedy
    4. Time Drama
    5. Sobki Cinema
    6. Koky Kids
    7. Panorama Drama 1
    8. Panorama Drama 2
    9. Panorama Drama 2 West

10. Panorama film

11. Panorama Film West

12. Panorama Comedy

13. Cairo Cinema

14. Cairo Cinema West

15. Cairo Drama

16. Cairo Drama West

17. Oscar Drama

18. ONTV

19. ONTV West

20.  Al Nehar Sport

21. Al Nehar

22. Al Nehar Drama

23. Sama Cinema

II.      This injunction shall remain in effect until the Court enters judgment on the merits or until otherwise ordered by the Court.

**IT IS SO ORDERED.**

**DATED:**  June 19, 2013

**IRMA E. GONZALEZ**

**United States District Judge**